UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER R. GERARDI and
VICKIE A. GERARDI,

                         **Plaintiffs,**          **COMPLAINT**
                                                                1:16-cv-01092 (DNH-DJS)

     -against-

AMICA MUTUAL INSURANCE COMPANY,

                         **Defendant.**

---

       Plaintiffs Christopher R. Gerardi and Vickie A. Gerardi, by and through their attorneys, Smith Hoke PLLC, alleges as follows:

## THE PARTIES

1. Plaintiffs Christopher R. Gerardi and Vickie A. Gerardi are both individuals domiciled in the State of Maine.

2. Upon information and belief, Defendant Amica Mutual Insurance Company ("Amica") is a corporation incorporated pursuant to the laws of the state of Rhode Island, and maintains its principal place of business within the state of Rhode Island.

## JURISDICTION AND VENUE

3. This is an action brought by the Plaintiffs against the Defendant for declaratory relief, breach of contract, bad faith, and unfair claim settlement practices in violation of New York State General Business Law §349 for Amica's failure to pay for damages incurred by Plaintiffs and to Plaintiff's property located at 229 Beaver Dam Road, Voorheesville, New York, under homeowner's policy #650131-20LU as the result of a May 13, 2014 fire loss.

4. Plaintiff seeks relief of money damages in the amount of $455,835.46, together with interest from May 13, 2014, with attorney's fees, costs, and punitive damages.

5. Upon information and belief, the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a), as the parties are citizens of different states and the amount in controversy exceeds the jurisdictional threshold.

6. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. 1391(b)(2), as the property at issue is located in Albany County.

## JURY TRIAL DEMAND

7. To the extent Plaintiffs are entitled to a jury trial, a jury trial is herein demanded.

## FACTUAL ALLEGATIONS

8. On or about January 12, 2014, Amica issued to the Plaintiffs a Homeowner's Insurance Policy, policy #650131-20LU (hereinafter "insurance policy" and annexed hereto as **Exhibit A**), for which premiums were faithfully and timely paid.

9. The insurance policy provided coverage for the dwelling located at 229 Beaver Dam Road, Voorheesville, New York ("229 Beaver Dam Road" or "the property"), personal property, and additional living expenses. Ex. A p. 23.

10. The Plaintiff had full replacement cost coverage for damage sustained to the dwelling up to $394,000.00. He also purchased the Coverage A Endorsement, which allowed for an additional 30% of coverage for the dwelling, or $118,200.00, which could be utilized if the replacement cost coverage was not sufficient to rebuild the home to like kind and quality. Ex. A p. 25.

11. The policy also included coverage for damage sustained to Plaintiff's personal property for up to $295,500.00. Ex. A p. 23.

12. The policy also included coverage for any necessary additional living expenses, or loss of use, for up to $118,200.00.   Ex. A p. 23.

13. On or about May 13, 2014, a fire occurred, completely destroying the Plaintiff's home at 229 Beaver Dam Road.

14. At the time of the fire, Plaintiffs were the owner and titleholders of the property.

15. At the time of the fire, 229 Beaver Dam Road was covered property under the insurance policy.

16. Upon information and belief, the Plaintiffs timely notified the Defendant of the loss of the property.

17. Upon information and belief, the Plaintiffs filed claims for approximately $504,596.44 for the dwelling, $295,500.00 for personal property, and $118,200.00 for loss of use, for a total of $918,296.44.

18. Upon information and belief, the Plaintiffs' claims were all legitimate and fully itemized.

19. Upon information and belief, the Plaintiffs performed each and every covenant, promise or duty which they were required to perform under the terms of the insurance policy.

20. The Defendant did not pay the Plaintiffs for the entirety of their claims.

21. Upon information and belief, the Defendant paid the Plaintiffs approximately $462,460.98, or $455,835.46 less than Plaintiff's claim.

22. Upon information and belief, because Defendants delayed approving certain claims and wrongfully disclaimed coverage, Plaintiffs have been unable to rebuild their home and have been forced to pay for additional living expenses.

23. The home was demolished on the Defendant's recommendation, with just the sub-floor remaining.  The delays and disclaiming of coverage caused the sub-floor of the house to sustain damage due to exposure to the elements.

24. Upon information and belief, Defendant informed Plaintiffs that they would pay for storage fees, yet in December of 2014 they stopped paying such fees.  Plaintiffs have paid for storage fees since December of 2014, and continue to do so.

25. Defendant deceived Plaintiffs when it represented that they would continue to pay for Plaintiffs' comparable housing, when they, in fact, did not.

26. As a result of Defendant's delays and wrongful disclaiming of coverage, Plaintiff has suffered further consequential damages, including having been forced to pay his mortgage and interest on that mortgage for a home that does not exist.

27. Defendant knowingly, willfully, and wrongfully disclaimed coverage in violation of its contract and in violation of the laws of the State of New York.

28. Defendant has failed and refused to carry out its obligations under the contract.

**AS FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT AMICA MUTUAL INSURANCE COMPANY: DECLARATORY RELIEF**

29. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in Paragraphs "1" through "28" as if fully set forth herein.

30. The insurance policy attached as Exhibit A was in full force and effect at the time of the fire described above.

31. The fire damage to the dwelling is a covered loss under the terms of the insurance policy, as are the damages to personal property and the additional living expenses.

32. The Plaintiffs fully performed their obligations under the insurance policy.

33. Defendant wrongfully disclaimed overage under the insurance policy for the property.

34. A Declaratory Judgment should, therefore, be issued that the Defendant is obligated to provide coverage for the entirety of the claimed loss to the dwelling, personal property, and additional living expenses pursuant to the terms of the insurance policy.

**AS FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT AMICA MUTUAL INSURANCE COMPANY: BREACH OF CONTRACT**

35. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in Paragraphs "1" through "34" as if fully set forth herein.

36. The insurance policy attached as Exhibit A was in full force and effect at the time of the fire described above.

37. The fire damage to the dwelling is a covered loss under the terms of the insurance policy, as are the damages to personal property and the additional living expenses.

38. The Plaintiffs fully performed their obligations under the insurance policy.

39. Defendant wrongfully disclaimed overage under the insurance policy.

40. Defendant's wrongful disclaimer of coverage for the dwelling, personal property, and additional living expenses under the insurance policy is a breach of the insurance contract at issue.

41. Defendant's wrongful breach of contract has denied Plaintiffs compensation for the damages sustained that they are entitled to receive.

42. Defendant's wrongful breach caused consequential damages, including, among other things, interest on Plaintiff's mortgage and storage fees.

43. Defendant's willful and intentional acts and violations of the contract of insurance warrant the imposition of monetary damages for breach of contract in the amount of $455,835.46, together with interest, and consequential damages such as, among other things, storage fees and interest on Plaintiff's mortgage.

44. Defendant's wrongful breach of contract has required Plaintiffs to obtain legal counsel to enforce their rights under the insurance contract.

45. Substantial legal fees have already been incurred and will continue to accrue.

46. Defendant's willful and intentional acts and violations of the contract of insurance warranty the imposition of attorneys' fees and punitive damages.

### AS FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT AMICA MUTUAL INSURANCE COMPANY: BAD FAITH

47. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in Paragraphs "1" through "46" as if fully set forth herein.

48. Pursuant to New York Insurance Law §2601(a), each and every insurance policy sold by Defendant carries with it a duty to its clients of good faith and fair dealing.

49. Defendant, in bad faith, knowingly, willfully, and wrongfully disclaimed coverage in violation of its contract.

50. By Defendant's wrongful disclaimer of coverage and breach of contract, Plaintiff has been damaged.

51. Defendant's wrongful disclaimer of coverage and breach of contract were grossly negligent, reckless and wanton and said acts were undertaken by Defendant solely to protect its own pecuniary interests, without regard to its obligations under the insurance policy or Plaintiffs' interests.

52. As a result of said breaches, Defendant is liable to the Plaintiffs for punitive and compensatory damages, and for all costs of adjusting, investigation, damages, costs and payments, including attorney and other professional fees, and all other sums incurred to date by Plaintiffs, with interest, in addition to those sums which may be incurred in the future until Plaintiffs' rights are honored and paid.

## AS FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT AMICA MUTUAL INSURANCE COMPANY: VIOLATION OF NEW YORK STATE GENERAL BUSINESS LAW §349

53. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in Paragraphs "1" through "52" as if fully set forth herein.

54. Defendant has engaged in unfair claim settlement practices and deceptive acts or practices in the conduct of furnishing services in the state by knowingly, willfully, and wrongfully disclaiming coverage in violation of a contract.

55. The Defendant's acts were consumer-oriented, in that they induced members of the general public to purchase insurance policies, while knowingly, willfully, and wrongfully deceiving their clients and disclaiming coverage in violation of such contracts.

56. Upon information and belief, this conduct is recurring in the state and has ramifications for the general public, who rely on the Defendant to refrain from deceptive acts and practices.

57. Plaintiff is a person who has been injured by Defendant's violation of New York General Business Law §249, and seeks to recover actual damages.

58. Defendant willfully and knowingly violated of New York General Business Law §349, and therefore Plaintiff is entitled to punitive damages and attorney's fees.

WHEREFORE, Plaintiffs Christopher R. Gerardi and Vickie A. Gerardi demand judgment against Defendant Amica Mutual Insurance Company as follows:

1. A declaration that Plaintiffs are entitled to coverage for the fire damage to their dwelling and personal property, along with coverage for additional living expenses, under the insurance policy from Defendant Amica Mutual Insurance Company;

2. A finding that Defendant Amica Mutual Insurance Company's disclaimer of coverage under the insurance policy constitutes a breach of contract thereby entitling Plaintiffs to compensatory damages in the amount of $455,835.46, together with interest and other consequential damages;

3. An award of costs in the form of reimbursement for actual expenses reasonably incurred, with interest, reasonable attorney's fees and damages resulting from Defendant Amica Mutual Insurance Company's wrongful disclaimer and breach of contract;

4. An award of punitive damages against Defendant Amica Mutual Insurance Company for its wrongful disclaimer of coverage issued in bad faith and violation of New York General Business Law §349; and

5. Further relief as may be just and proper.

Dated: October 24, 2016

Albany, New York

**SMITH HOKE, PLLC**

/s/ Meredith A. Moriarty\_\_\_\_
Meredith A. Moriarty, Esq.,
Bar Roll Number: 512499
Attorney for the Plaintiff
7 Southwoods Blvd., Ste. 103
Albany, New York 12211
Tel. No.: (518)489-5600